**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Matadoor Restaurant Group, LLC, | ) | Case No.: 25- |
| | ) | |
| Debtor. | ) | |

**ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION WAGE AND WAGE-RELATED CLAIMS**

This matter came before the Court upon the motion ("Motion") of Matadoor Restaurant Group, LLC ("Debtor") for the entry of an order authorizing the payment of certain pre-petition employee wages, insurance premiums and other employee obligations as defined herein (collectively, "Pre-Petition Employee Obligations") and direct banks to receive, honor and pay all checks and electronic payment requests related to the foregoing. Notice of the hearing on the Motion was provided on an expedited basis, as ordered by the Court. The United States Trustee ("UST") filed an objection.  A hearing was held before the Court on _____, 2025.  At the hearing, the Debtor's principal, Argus Wiley, testified and provided information regarding the Debtor as a business, and identified specific information regarding sources of income and expenditures of the business, including the Pre-Petition Employee Obligations.  Arguments were heard by all parties present at the hearing, and evidence was submitted.  After careful consideration of the testimony and evidence submitted, and considering the relevant law pertaining to the matter, this Court makes the following findings of fact and conclusions of law:

1. The Debtor has provided sufficient notice of the Motion and hearing pursuant to the order of the Court and in compliance with Federal Rule of Bankruptcy Procedure 4001.

2. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July ___, 2025 (the "Petition Date").

3. As of the Petition Date, the Debtor has approximately 336 employees.

4. The last payroll was made on July 8, 2025, prior to filing, and covered wages from time worked June 18, 2025 to July 1, 2025. The next scheduled pay date in the ordinary course of business is **July 22, 2025** and will include wages for time worked from July 2, 2025 through July 15, 2025, which includes compensation for work performed by the Employees pre-petition.

1

5. If the payroll for the prepetition time remains unpaid, the Debtor will lose key employees that the Debtor depends upon for its business operations.
6. The Debtor represents that it will owe certain amounts relating to payroll processing, including payroll taxes and workers compensation. The Debtor seeks authority to pay any amount due relating to prepetition payroll and payroll processing ("Pre-Petition Employee Obligations").
7. The Court finds that the honoring of any post-petition checks and electronic transfers (the "Checks") issued for Pre-Petition Employee Obligations is necessary. If any Checks are dishonored, the Court will grant Debtor the authority to issue replacement checks.
8. The Court finds that the payment of the Pre-Petition Employee Obligations is in the best interests of the unsecured creditors because it affords the Debtor the best opportunity to continue operating in the ordinary course of business.
9. The Court finds that payment of the Pre-petition Employee Obligations is necessary to avoid immediate and irreparable harm to the Debtor.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the Debtor is authorized to make payment of the Pre-Petition Employee Obligations and that the Checks shall be honored. The Debtor is authorized to issue replacement checks as a result of any pre-petition wage checks that were dishonored. Should any payment due to an Employee for a pre-petition obligation exceed the statutory cap for an employee wage priority claim, the Debtor will seek further order of the Court before making any payment that exceeds the statutory cap.

AND IT IS SO ORDERED.